UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

-----------------------------------------------------

Robert A. Morgan,

Plaintiff,

v.

UNUM Life Insurance Company of America,

Defendant.

-----------------------------------------------------

Court File No. 01-1796 MJD/SRN

**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS BY DEFENDANT**

**STIPULATION**

The undersigned counsel for plaintiff and for defendant, hereby stipulate and agree as follows:

1. "Confidential" Documents. This order shall given all documents produced or exchanged ("documents") and all written answers and responses to discovery ("answer") made by plaintiff, his attorneys, consultants, agents, and representatives and by defendants, their attorneys, consultants, agents, employees and representatives. "Confidential Documents" shall include, but not necessarily be limited to UNUM's internal reports, policies, manuals, training manuals, application processes for disability benefits, and investigative procedures for claims and other internal corporate documents.

2. Scope of "Confidential" Designation. The special treatment accorded to documents designated "confidential" under this Order shall reach:

a. All documents previously or hereafter designated "confidential";

MAY 29 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. All copies, extracts, and complete or partial summaries prepared from such documents;

c. Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and

d. Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discuss or refers to such documents, copies, extracts or summaries;

3. Restrictions on Disclosure of "Confidential" Documents. Except with prior written consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated "confidential", and all information contained therein or derived therefrom, may not be disclosed to any person other than:

a. The parties to this litigation;

b. Counsel for the parties in this action;

c. Secretaries, paralegal assistants, and other employees of such counsel who are assisting in the prosecution and/or defense of this action;

d. The court and its personnel;

e. Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning this case. In no event, however, shall disclosure be made under this subparagraph to any witness who is or has been employed by or associated with any competitor or customer of the defendants unless the "confidential" documents in question were written by, seen by or copied to said witness (with the exception of those person identified in paragraphs 3a-3d); and

f. Outside consultants and experts solely retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action.

4. Location of "Confidential" Documents. With the exception of the uses provided for in paragraphs 8, 10, 11, and 12 documents designated "Confidential" may be reviewed only in Counsel's Office by the persons identified in paragraph 3. "Counsel's Office" means the offices of Denise Yegge Tataryn, Mansfield Tanick & Cohen, P.A., 1560 International Centre, 900 Second Avenue South, Minneapolis, MN 55402-3383. With the exception of the uses provided for in paragraphs 8, 10, 11, and 12, documents designated "Confidential" and copies thereof shall not leave Counsel's Office.

5. Review of Own "Confidential" Documents. The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "confidential" documents.

6. Certification of Compliance. Except for persons identified in subparagraphs 3(a)-(d) above, no person authorized under the terms of this Order to receive access to "confidential" documents shall be granted access to them until such person has read this Order and agreed in writing to be bound by it per the form attached as Exhibit A. Upon order of this Court, for good cause shown, these written agreements (Exhibit A) shall be available for inspection by counsel for other parties or nonparties.

7. Notice of Breach. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by a person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

8. Use of "Confidential" Documents at Depositions. Documents designated "confidential", and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order. Any "confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "confidential" documents or information at a deposition, the portion of the deposition

transcript that relates to such documents or information shall be stamped "confidential" and sealed separately from the remainder of the transcript, and shall be treated as "confidential" under the provisions of this Order.

9. Designating Portions of Deposition Transcripts Confidential Any party or nonparty may, within 15 days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as being "confidential." At deposition, the parties will attempt in good faith to preliminarily identify and designate "confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "confidential", or by underlining the portions of the pages that are confidential and stamping such pages "confidential". Until expiration of the 15-day period, the entire deposition transcript, and all exhibits thereto, will be treated as "confidential" under the provisions of this Order. If no party or nonparty timely designates testimony or exhibits from a deposition as being "confidential", none of the deposition testimony or exhibits will be treated as confidential. If a timely, "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "confidential" under the provisions of this Order.

10. Use of "Confidential" Documents in Papers Filed With the Court. Documents designated "confidential," and all information contained therein or derived therefrom, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "confidential" and separately filed under seal with the Clerk of Court.

11. Use of "Confidential" Documents in Court. Documents designated "confidential", and all information contained therein or derived therefrom, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that:

a. Sufficient advance notice is given to permit the designating party or nonparty to seek additional protections or relief from the Court if desired; and

b. The "confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "confidential" and separately filed under seal with the Clerk of Court.

12. Litigation Use Only. All "confidential documents" produced in this litigation, whether by a party or nonparty, and whether pursuant to Rule 34, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

13. Nontermination and Return of Documents. The provisions of this Order shall continue to apply to all "confidential" documents and information after this action has been terminated. Upon termination of this action, including all appeals, the parties shall return all "confidential" documents to the producing party, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court; alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction.

14. No Admissions. Nothing contained in this Order, nor any action taken in compliance with it, shall:

a. Operate as an admission by any party that any particular document or information is, or is not, confidential;

b. Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of this action.

15. Interim Protection. "Confidential" documents produced by any party or nonparty through discovery in this action prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court, unless the Court otherwise directs.

16. Order. The court may enter an order consistent with this stipulation.

**KRASS MONROE, P.A.**

John Harper III (ID No. 41397)
Terrance J. Wagener (ID No. 213676)
1650 West 82nd Street, Suite 1100
Bloomington, MN 55431
Telephone: (952) 885-5999
Attorneys for Defendant

Dated: May 17, 2002.

**MANSFIELD TANICK & COHEN, P.A.**

Denise Yegge Tataryn
1560 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3383
Telephone: (612) 339-4295
Attorneys for Plaintiff

Dated: May 22, 2002.

**ORDER**

The Court having considered the foregoing stipulation of the parties.

It is hereby ordered that the stipulation of the parties is confirmed in all of its particulars.

DATED this 29th day of May, 2002.

Susan Richard Nelson
U.S. Magistrate Judge

**EXHIBIT A**

1. I, ______________________________, have read the Stipulation and Protective Order ("Order") entered in Robert A. Morgan v. UNUM Insurance Company, Case No. 01-1796 MJD/SRN, in the United States District Court for the District of Minnesota, and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" that are furnished to me as set forth in the Order.

2. I further agree (I) not to disclose to anyone any documents, materials or information marked "Confidential" other than as set forth in the Order, and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me except in accordance with the Order.

3. I hereby consent to venue and jurisdiction in the United States District Court for the District of Minnesota, with regard to any proceedings to enforce the terms of the Order.

Dated: May ___, 2002. ______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

*Featured Speakers Include:*

**District of Minnesota**

**Judge David S. Doty**

**Judge Donovan W. Frank**

**Judge Paul A. Magnuson**

**Judge Ann D. Montgomery**

**Judge John R. Tunheim**

**Chief Magistrate Judge Jonathan Lebedoff**

**Magistrate Judge Arthur J. Boylan**

**United States Bankruptcy Court**

**District of Minnesota**

**Judge Robert J. Kressel**

**Application Pending for 7.5 CLE Credits including 2 Ethics and 1 Bias Credit**

**The Minnesota Chapter of the Federal Bar Association**
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

**MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION**

**In connection with**
**The Federal Judiciary**

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

**Minneapolis Convention Center**
**1301 Second Avenue South**
**Room 208**
**Minneapolis, MN 55402**
**(612) 335-6000**

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | Registration |
| 8:00-8:15 | Opening Remarks and Welcome, *Judge Ann D. Montgomery* |
| 8:15-9:00 | Securities Law Issues in the Wake of Enron, *Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)* |
| 9:00-9:45 | Current Issues in Employment Law, *Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)* |
| 9:45-10:00 | Morning Break |
| 10:00-10:45 | Current Initiatives in the U.S. Attorneys' Office, *Tom Heffelfinger (U.S. Attorneys Office)* |
| 10:45-11:45 | Discovery Disputes: Professionalism in the Practice of Law?, *Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,* |
| 11:45-12:45 | Lunch (Room 211) |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | The Clerk's Office Can Be Your New Best Friend, *Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon* |
| 1:30-2:15 | How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How, *Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)* |
| 2:15-3:15 | Issues in the Wake of 9/11: Racial Profiling -- *Daniel M. Scott (U.S. Federal Public Defenders' Office)*; Response by the Department of Justice -- *Tony Brown (U.S. Attorneys Office)* |
| 3:15:3:30 | Afternoon Break |
| 3:30-4:15 | Update on Technology Tools for Litigating in Federal Court, *Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)* |
| 4:15-5:15 | Ethics in "Real Life" Practice Situations, *Martin A. Cole (Lawyers Professional Responsibility Office)* |

## Seminar Registration

☐ Member $195.00

☐ Non-Member $225.00

Name ______________________

Firm/Employer ______________________

Address ______________________

______________________

Phone ______________________

E-Mail ______________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA (612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building